UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JELSON MATHIS,

        Plaintiff,

v.                               Case No. 3:25-cv-1556-MMH-PDB

SGT. TRAVIS WILLIAMS, et al.,

        Defendants.

_____

## **ORDER**

### **I. Status**

Plaintiff, Jelson Mathis, a wheelchair-bound inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1). He is proceeding in forma pauperis (IFP) under 28 U.S.C. § 1915. See Order (Doc. 4). Because of Mathis's prisoner and IFP statuses, the Court exercises its authority under the Prison Litigation Reform Act (PLRA) to screen his Complaint. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1) (providing that a district court must dismiss a complaint or any portion of the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted).

## II. Complaint Allegations & Claims

In his Complaint, Mathis names nine Defendants: (1) Sergeant Travis Williams; (2) Officer William; (3) Lieutenant Michael Hale; (4) Head of Classification Charles Jefferson; (5) Major Jeremy Powe; (6) Acting Warden Shelly Glass; (7) Classification Officer Pamela Carty; (8) Grievance Coordinator S. Kinney; and (9) "nurses" in the Medical Department.[1] See Complaint at 2–4. He alleges that officers Williams and William, who were part of a "Security Threat Group" (STG), conducted a search of him on September 29, 2025, and they, along with Defendant Hale, "who was also involved," used unnecessary physical force on him. Id. at 6. Specifically, Mathis asserts Defendant Williams choked him and flipped him backwards out of his wheelchair, and "every officer in the [STG]" and Defendant Hale punched and kicked him. Id. at 6–7.

Mathis contends he reported neck, back, and thumb injuries to Nurse Carter, who "declined [his] request" for treatment, sarcastically telling him that she too had body pains. Id. at 7. After writing a sick-call request, Mathis obtained a medical appointment but says he never was seen. Id. Mathis further

---

[1] Mathis generally names "nurses" in the Medical Department as the ninth Defendant. See Complaint at 4. In the body of his Complaint, he references one nurse by name: Carter. Id. at 7. Because Mathis cannot proceed on a claim in federal court against a "John Doe" defendant, for purposes of this Order, the Court will reference the medical Defendant as "Nurse Carter."

2

alleges Defendant Williams retaliated against him by writing a false disciplinary report (DR), which Defendant Hale authorized, and which resulted in him being placed on Close Management I (CMI) status for 90 days with a loss of gain time, and Defendant Williams denied him due process in connection with his disciplinary hearing. Id.

Mathis does not assert factual allegations against any of the other named Defendants. However, in the "Relief Sought" and "Statement of Claim(s)" sections of his Complaint, he mentions all Defendants except Kinney,[2] asserting as follows: Defendants Williams, Hale, and William assaulted him; Defendants Williams, Hale, William, Jefferson, Powe, Glass, Carty, and Nurse Carter conspired to retaliate against him and falsify his DR or "official reports," resulting in his placement on CMI status; and Nurse Carter (a/k/a the "Medical Department") "declin[ed] injuries report(s) and refus[ed] [his] sick call due to retaliation." Id. at 10–13. As relief, Mathis seeks compensatory damages. Id. at 10–11. In separate filings, he asks that the Court serve his Complaint on the named Defendants (Doc. 5) and send him a copy of his Complaint (Doc. 6).

---

[2] It appears Mathis mistakenly or unintentionally listed S. Kinney as a Defendant. He asserts no factual allegations or claims against this Defendant. As such, the Court will direct the Clerk to terminate S. Kinney as a party to this action.

3

### III. Standard of Review

In screening Mathis's Complaint under the PLRA, the Court applies the same standard used in assessing whether a complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for a failure to state a claim.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal

5

quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Mathis's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

6

## IV. Analysis of Claims

Accepting as true that Defendants Williams, William, and Hale unnecessarily and gratuitously used force against Mathis solely to cause him harm, Mathis states a plausible excessive force claim under § 1983 against these three Defendants. See, e.g., Ort v. White, 813 F.2d 318, 321 (11th Cir. 1987) (explaining that the Eighth Amendment "prohibits the unnecessary and wanton infliction of pain, or the infliction of pain totally without penological justification"). However, Mathis otherwise fails to state plausible claims for relief against Defendants Williams, William, and Hale and the remaining five Defendants for other purported violations, including a denial of due process in connection with his disciplinary proceedings, falsification of prison records, conspiracy, and retaliation. He also fails to state a plausible deliberate indifference claim against Nurse Carter.

Before addressing these claims in detail, the Court notes that, except for the excessive force claims against Defendants Williams, Hale, and William, Mathis's assertions generally are conclusory and vague, amounting to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The conclusory nature of his allegations fails to satisfy the minimal federal pleading standards in that he does not give Defendants "fair notice" of the claims against them, nor does he allege a causal connection

between Defendants' actions and the alleged constitutional deprivations. See Zatler, 802 F.2d at 401; Erickson, 551 U.S. at 93. See also Tani v. Shelby Cnty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013)[4] (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations").

**A. Due Process Violation by Defendant Williams**

In the "Statement of Claim(s)" section of his Complaint, Mathis does not expressly identify a due process claim against any Defendant. See Complaint at 12–13. However, in setting forth his factual allegations, he asserts that Defendant Williams "denied [him] due process of law," seemingly because Williams allegedly falsified a DR, and elsewhere in his Complaint, Mathis references the Fifth Amendment to the United States Constitution. Id. at 7, 8.[5]

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[5] Because Mathis sues state actors, not federal actors, the Fifth Amendment does not apply. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989). To the extent Mathis references due process protections, any such claim would arise under the Fourteenth Amendment.

Mathis does not explain the role, if any, Defendant Williams played in the disciplinary proceedings that resulted from the DR Williams wrote. Regardless, he does not allege facts permitting the reasonable inference that he was denied due process in connection with his disciplinary proceedings. The Supreme Court has identified two circumstances in which a prisoner may be further deprived of liberty such that due process is required: (1) "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court"; and (2) "when the state has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Kirby v. Siegelman, 195 F.3d 1285, 1291 (11th Cir. 1999) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). In these two instances, a prisoner is entitled to advanced written notice of the charges, a written statement by the factfinders detailing the evidence relied on and the reasons for the disciplinary action, and an opportunity to call witnesses and present documentary evidence at a disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974).

Here, Mathis has not alleged a deprivation of a constitutionally protected liberty interest. Notably, he does not allege that prison officials did not provide him advanced written notice of the charges or a written statement detailing

9

the evidence, nor does he allege that he was denied an opportunity to call witnesses or present evidence. See Complaint at 7. Although he asserts that his disciplinary hearing resulted in a finding of guilt and placement on CMI status, "he has not alleged that the conditions of such confinement presented 'the type of atypical, significant deprivation' that creates a liberty interest." Allen v. Sec'y, Fla. Dep't of Corr., 578 F. App'x 836, 839 (11th Cir. 2014) (per curiam); see also Sandin, 515 U.S. at 486 (finding 30 days in disciplinary segregation did not trigger due process protections where the conditions of disciplinary segregation were not significantly different from the conditions outside disciplinary segregation). See also Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (affirming dismissal of the plaintiff's due process claims where he had not alleged "that he was confined in harsher conditions than inmates in administrative confinement or close management I status generally") (per curiam).

To the extent Mathis seeks to challenge the finding of guilt, he fails to state a plausible claim because he does not allege his DR has been overturned. An inmate generally may not challenge a DR in a civil rights action unless the DR has been overturned or expunged, even if the inmate alleges the DR was false or baseless. Edwards v. Balisok, 520 U.S. 641, 648 (1997) ("[A] claim for declaratory relief and money damages, based on allegations . . . that

10

necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."). For the reasons stated, Mathis fails to state a plausible due process claim against Defendant Williams, and therefore, that claim is due to be dismissed.

**B. Falsification of Charges/Records by Defendants Williams, Hale, William, Jefferson, Powe, Glass, Carty, and Nurse Carter**

Insofar as Mathis contends Defendants falsified a DR, or authorized or ratified the false allegations, such conduct by itself does not amount to a constitutional violation that would give rise to a claim under § 1983. See, e.g., Feaster v. Bowers, No. 5:23-CV-310-TKW-MJF, 2024 WL 1515701, at *2 (N.D. Fla. Mar. 11, 2024)[6] (finding plaintiff's claim that defendant falsely stated in a written document that he saw plaintiff batter another inmate did not rise to the level of a plausible Eighth Amendment violation), report and recommendation adopted, (N.D. Fla. Apr. 8, 2024); Hall v. Samuels, No. 2:23-CV-414-JES-NPM, 2023 WL 5302328, at *3 (M.D. Fla. Aug. 17, 2023) ("[T]the filing of a false disciplinary charge, standing alone, does not state a

---

[6] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

11

constitutional claim."). As such, Mathis's claims against Defendants for falsifying disciplinary or other records are due to be dismissed.

### C. Retaliation by Defendants Williams, Hale, William, Jefferson, Powe, Glass, Carty, and Nurse Carter

Without supporting facts, Mathis asserts that all Defendants acted in "retaliation." See Complaint at 12–13. His use of this "buzzword" is insufficient to state a plausible retaliation claim, which requires that a plaintiff allege the following: he engaged in "constitutionally protected" speech; he "suffered adverse action" because of that speech; and there is a causal connection between the speech and the adverse action. O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011). Mathis does not allege he engaged in constitutionally protected speech. In fact, he does not specify at all the nature of the alleged retaliatory act or motive by any Defendant. As such, his retaliation claims are due to be dismissed.

### D. Conspiracy by Defendants Williams, Hale, William, Jefferson, Powe, Glass, Carty, and Nurse Carter

As with the use of the word "retaliation," Mathis sprinkles the word "conspiracy" in the paragraphs in which he sets forth his claims against each Defendant. See Complaint at 12–13. "A plaintiff claiming a § 1983 conspiracy must [allege] the defendants 'reached an understanding' to violate [his] constitutional rights." Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010). "[T]he linchpin for conspiracy is agreement, which presupposes

12

communication." Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). As with any claim for the violation of a constitutional right, a conspiracy claim under § 1983 must be based on more than vague and conclusory allegations.   Allen, 578 F. App'x at 840 (citing Twombly, 550 U.S. at 555). "It is not enough to simply aver in the complaint that a conspiracy existed." Id. (quoting Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984)). See also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Not only does Mathis not describe any conversations or agreements among or between Defendants that, liberally construed, permit the reasonable inference they "reached an understanding," as previously explained, an allegation that a prison official falsified a report is not a constitutional violation. Because Mathis does not allege Defendants "reached an understanding" to violate a constitutional right, any purported conspiracy claims against Defendants are due to be dismissed.

**E. Deliberate Indifference by Nurse Carter**

As to his alleged need for medical care, Mathis asserts that he "explain[ed]" to Nurse Carter "about [his] neck, back and thumb injuries," and

she "declined" to treat him. See Complaint at 7. He also says that he had an appointment scheduled for October 20, 2025, but was never seen. Id.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834). As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [Farmer, 511 U.S. at 834].
>
> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law,"

14

> id. at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." Id. at 844–45.

Wade v. McDade, 106 F.4th 1251, 1261 (11th Cir. 2024) (enumeration and emphasis omitted);[7] see also Stalley v. Cumbie, 124 F.4th 1273, 1283 (11th Cir. 2024) (recognizing that to prevail on a deliberate indifference claim, a plaintiff must show that he suffered "an objectively serious medical need," and that the defendant acted with deliberate indifference to that need, meaning that the defendant "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that amounts to subjective recklessness" (internal quotations and citations omitted)).

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Importantly, medical

---

[7] For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence" standard in determining whether an official acted with deliberate indifference to an inmate's serious medical need. Wade, 106 F.4th at 1255. In Wade, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in Farmer and clarified that courts in this circuit should apply the "subjective recklessness" standard "as used in the criminal law." Id. at 1253. The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Id. at 1265 (Jordan, J., concurring).

15

treatment gives rise to a constitutional violation "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1271 (11th Cir. 2020) (quotations omitted). Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Thus, a complaint that a medical provider has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotations and citation omitted).

Here, Mathis fails to state a plausible deliberate indifference claim against Nurse Carter. First, he does not allege that he had an objectively serious medical need of which Nurse Carter was aware. See Complaint at 6–7. He mentions vaguely that he "complained" about neck, back, and thumb "injuries," but he does not describe what those injuries were. Notably, he does not assert that he later was diagnosed with any serious injury that would have been obvious to Nurse Carter but which she refused to treat. Although he

16

contends that he "tore [a] lig[a]ment in [his] right thumb," his assertion is speculative at best without any indication that he indeed suffered such an injury or that Nurse Carter knew he had. See id. at 7.

Second, to the extent Nurse Carter responded to Mathis "sarcastically" when he complained of pain or refused to complete a medical report noting his subjective complaints, such conduct is more akin to negligence than to "subjective recklessness as used in the criminal law." See Wade, 106 F.4th at 1261. Finally, accepting as true that Mathis had a medical appointment scheduled for October 20, 2025, but was not seen, he does not contend Nurse Carter was responsible for that. See Complaint at 7. In short, Mathis does not allege facts permitting the reasonable inference that Nurse Carter actually knew he faced a substantial risk of serious harm but disregarded that risk. Because Plaintiff fails to state a plausible deliberate indifference claim against Nurse Carter, any claims against her are due to be dismissed.

Therefore, it is now **ORDERED:**

1.      The following claims are **DISMISSED without prejudice** for Mathis's failure to state a plausible claim for relief under § 1983: (1) a denial of due process in violation of the Fourteenth Amendment against Defendant Williams; (2) falsification of records in violation of the First or Eighth Amendments against Defendants Williams, Hale, William, Jefferson, Powe,

17

Glass, Carty, and Nurse Carter; (3) retaliation in violation of the First Amendment against Defendants Williams, Hale, William, Jefferson, Powe, Glass, Carty, and Nurse Carter; (4) conspiracy to violate Mathis's constitutional rights against Defendants Williams, Hale, William, Jefferson, Powe, Glass, Carty, and Nurse Carter; and (5) deliberate indifference in violation of the Eighth Amendment against Nurse Carter (a/k/a, "nurses" in the Medical Department). Mathis's excessive force claims against Defendants Williams, Hale, and William will proceed.[8]

2.      The **Clerk** shall **terminate** Defendants Jefferson, Powe, Glass, Carty, Kinney, and "nurses" in the Medical Department as parties to this action.

3.      Mathis's Motion to serve all Defendants (Doc. 5) is **GRANTED in part** to the extent the Court will enter a separate Order regarding service of process on Defendants Williams, Hale, and William.

4.      Mathis's letter request for a copy of his Complaint (Doc. 6) is **GRANTED** to the extent the **Clerk** is directed to send Mathis a one-time courtesy copy of his Complaint (Doc. 1). Mathis is reminded that he may not communicate with this Court by letter. All requests for relief must be in the

---

[8] In permitting Mathis's excessive force claims to proceed, the Court takes no position on their likelihood of success.

18

form of a proper motion that complies with applicable Rules. <u>See</u> Order (Doc. 3 ¶¶ 4, 6).

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of March, 2026.

_____
**MARCIA MORALES HOWARD**
United States District Judge

Jax-6
c:   Jelson Mathis